Montgomery Ford Lincoln Mercury, Inc. ("MFLM"), Steve Hecht, and Mike Dean appeal from an order of the Montgomery Circuit Court denying their motion to compel arbitration. We reverse and remand.
 Background
On November 21, 2006, Hiawatha Hall and Shawn M. Jones negotiated with MFLM regarding the purchase of a new 2006 Ford Explorer sportutility vehicle. Steve Hecht acted as the sales manager for the dealership in connection with this transaction; Mike Dean acted as the finance manager for the dealership. On that same date, Hall and Jones agreed to purchase and MFLM agreed to sell the 2006 Ford Explorer for a total price of $28,627.23 with a $2,500 rebate to be assigned to MFLM; the rebate was to serve as the down payment by Hall and Jones.
In connection with that transaction, Hall and Jones executed an "Alabama Simple Interest Vehicle Retail Installment Contract," a "Bill of Sale," and a standalone "Arbitration Agreement." After executing the paperwork, Hall and Jones left the dealership with the Ford Explorer.
Twenty-one days later, an agent of MFLM contacted Jones and informed him that he needed to come to the dealership to execute additional paperwork. The following day, Jones drove to the dealership. Upon arriving there, agents of MFLM immediately took possession of the Ford Explorer and informed Jones that proper financing could not be obtained for him.
On May 2, 2007, Hall and Jones sued MFLM, Hecht, and Dean. In their complaint, *Page 967 
Hall and Jones alleged claims of fraudulent misrepresentation in connection with the negotiation and sale of the Ford Explorer; they also alleged conversion and theft arising out of MFLM's repossession of the Ford Explorer. MFLM, Hecht, and Dean moved to compel arbitration, pursuant to the Federal Arbitration Act ("the FAA"), 9 U.S.C. § 1 et seq., of the claims asserted against them.[1] They asserted that the parties had agreed to submit their disputes to arbitration and that their transaction involved interstate commerce. In support of their motion to compel arbitration, MFLM, Hecht, and Dean submitted, among other things, a copy of the bill of sale; a copy of the stand-alone arbitration agreement; the affidavit of Michael J. Frakes II, the secretary/treasurer and comptroller for MFLM; and documentation from the office of the Secretary of State of Alabama pertaining to Ford Motor Credit Company, LLC, the company to which Hall and Jones's credit application had been submitted. They also submitted a brief in support of their motion. Additional exhibits were attached to the brief, including a second affidavit of Michael J. Frakes II.
After a hearing on the motion to compel arbitration, the trial court entered an order, dated September 4, 2007. In that order, the trial court concluded that the arbitration agreement was void and unenforceable because MFLM had declared the purchase contract void.
 Standard of Review "This Court reviews de novo the denial of a motion to compel arbitration. Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala. 2000). A motion to compel arbitration is analogous to a motion for a summary judgment. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala. 1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate commerce. Id. `After a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.' Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala. 1995) (opinion on application for rehearing)."
Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280
(Ala. 2000) (emphasis omitted).
 I. The Existence of a Contract Calling For Arbitration
We note that Hall and Jones signed several documents as part of the November 21, 2006, transaction with MFLM. We construe all of those documents as a single contract. See Dan WachtelFord, Lincoln, Mercury, Inc. v. Modas, 891 So.2d 287, 290
(Ala. 2004) (citing multiple authorities for the proposition that, when more than one writing is involved in a single transaction, those writings are interpreted together as a single contract).
In support of their motion to compel arbitration, MFLM, Hecht, and Dean pointed out that Hall and Jones had executed a standalone arbitration agreement in which they agreed to arbitrate *Page 968 
 "[a]ny and all disputes, claims, or controversies between the Parties relating to the Vehicle or arising out of or relating to: (a) the application for and the terms of and enforceability of the sale, lease, or financing of the Vehicle, (b) the purchase of terms of any warranty, service agreement, maintenance plan, paint/undercarriage/interior protection product, antitheft etching product and warranty, GAP protection, deficiency waiver addendum, or any other product or insurance, (c) any claims of breach of contract, negligence, misrepresentation, conversion, fraud, or unfair and deceptive trade practices, (d) any claim of a violation of any state or federal statute or regulation, or (e) the Vehicle's condition, warranty, workmanship, servicing, maintenance or repair."
We also note that the "Alabama Simple Interest Vehicle Retail Installment Contract" also contained an arbitration provision. That agreement provided:
 "Arbitration is a method of resolving any claim, dispute, or controversy (collectively a `Claim') without filing a lawsuit in court. Either you or Creditor (`us' or `we') (each a `Party') may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Such Claims include but are not limited to the following: 1) Claims, in contract, tort, regulatory, or otherwise; 2) Claims regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue; 3) Claims between you and us, your or our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract."
Based on the existence of these arbitration agreements in the documents executed by Hall and Jones, it cannot be disputed that Hall and Jones agreed to arbitrate any dispute arising out of their transaction with MFLM.
We acknowledge that Hall and Jones assert that the contract at issue in this case is void and, therefore, that the contract, including the arbitration provisions contained therein, is unenforceable. However, the United States Supreme Court has held otherwise.
In Buckeye Check Cashing, Inc. v. Cardegna,546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), the United States Supreme Court recognized that when a party to a contract containing an arbitration provision challenged the contract as void, the arbitration provision remained enforceable and the issue of arbitrability was for the arbitrator to resolve rather than for the trial court.[2] This principle was again recognized by the Alabama Supreme Court in Paragon Ltd. v.Boles, 987 So.2d 561, 567 (Ala. 2007). Therefore, the fact that Hall and Jones purport to challenge the enforceability of the underlying contract does not negate the enforceability of their agreement to arbitrate.
We also point out that the claims alleged by Hall and Jones in their complaint rely on a completed and executed contract. In their complaint, Hall and Jones allege that MFLM fraudulently induced them into entering into the purchase transaction and that MFLM converted property (the Ford Explorer) that belonged to Hall and Jones and committed *Page 969 
theft of property (the Ford Explorer) against Hall and Jones. For each of those claims to have any validity, we must presume that the purchase transaction was consummated and either that Hall and Jones were induced to act or that the Ford Explorer became the property of Hall and Jones.
Thus, under Hall and Jones's complaint, they seek to benefit from an executed contract, but, at the same time, they seek to repudiate the validity of the arbitration provisions contained therein. Hall and Jones cannot claim the benefits of a contract while simultaneously repudiating its burdens and conditions.See, e.g., Noland Health Servs., Inc. v. Wright,971 So.2d 681 (Ala. 2007) (quoting Southern Energy Homes, Inc.v. Ard, 772 So.2d 1131 (Ala. 2000)). For these reasons, we conclude that MFLM has established the existence of a valid contract calling for arbitration.
 II. Interstate Commerce
MFLM, Hecht, and Dean also argue that the sale of the Ford Explorer was a transaction involving interstate commerce. In support of this argument, MFLM, Hecht, and Dean submitted the affidavits of Michael J. Frakes II, the secretary/treasurer and comptroller of MFLM, to attest to the interstate nature of MFLM's business. Frakes attested that MFLM is a Delaware corporation; that the Ford Explorer at issue in this case was assembled in Louisville, Kentucky, and was transferred to Montgomery, Alabama, for sale; and that there are no Ford manufacturing or assembly plants located in Alabama. He also attested that the loan application was submitted to Ford Motor Credit Company, which has its principal place of business in Dearborn, Michigan. Frakes also attested that MFLM routinely accesses credit reports on individuals through "First Advantage Credco," located in Poway, California.
We agree with MFLM that this transaction affected interstate commerce. See, e.g., Citizens Bank v. Alafabco, Inc.,539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003) (discussing the interstate nexus required to trigger the FAA). It cannot be seriously disputed that the purchase of a new or used automobile from an automobile dealer is a transaction that involves interstate commerce. See, e.g., Dan Wachtel Ford,Lincoln, Mercury, supra; Serra Toyota, Inc. v. Johnson,876 So.2d 1125 (Ala. 2003); Wolff Motor Co. v. White,869 So.2d 1129 (Ala. 2003); Jim Burke Auto., Inc. v.McGrue, 826 So.2d 122 (Ala. 2002); and AnnistonLincoln Mercury Dodge v. Conner, 720 So.2d 898 (Ala. 1998).
Thus, MFLM met its burden of proof by establishing the existence of a contract calling for arbitration and by proving that the contract evidences a transaction affecting interstate commerce. Therefore, the burden of proof shifted to Hall and Jones to present evidence establishing that the arbitration agreement was invalid or that it did not apply to this dispute.See Dan Wachtel Ford, supra; and FleetwoodEnters., Inc., supra.
 III. Hall and Jones's Arguments
On appeal, Hall and Jones assert that "it is highly debatable that Congress intended to include automobile purchases within the scope of the FAA under the Commerce Clause." (Appellee's brief, p. 12.) Because, as discussed above, it is well-established that the automotive industry involves interstate commerce sufficient to trigger the FAA, we need not reopen this debate. We, therefore, reject this argument.
Hall and Jones next assert that a party cannot be compelled to arbitrate a dispute if there is no valid agreement to do so. They point out that the trial court found that any contract between MFLM and Hall and Jones was null and void and, *Page 970 
therefore, unenforceable. However, in their complaint, Hall and Jones allege that MFLM fraudulently induced them into entering into the purchase transaction and that MFLM converted property (the Ford Explorer) that belonged to Hall and Jones and committed theft of property (the Ford Explorer) against Hall and Jones. As we have already established, for either of those claims to have any validity, we must presume that the purchase transaction was consummated and that the Ford Explorer became the property of Hall and Jones. Thus, under their complaint, Hall and Jones seek to benefit from an executed contract, but, at the same time, they seek to repudiate the validity of the arbitration provisions contained therein. Hall and Jones cannot claim the benefits of a contract while simultaneously repudiating its burdens and conditions. See,e.g., Noland Health Servs., supra (quoting SouthernEnergy Homes, supra).
Hall and Jones also point out that the trial court found the contract between them and MFLM to be void rather than voidable. Hall and Jones presumably believe that this is determinative of whether the trial court or the arbitrator should resolve the issue of arbitrability. We, however, do not agree with this interpretation of arbitration law.
As noted above, Hall and Jones's claims depend on the existence of a contract; thus, their claims do not, as they argue on appeal, challenge the existence of the contract. In fact, their claims rely on the very existence of the contract.
Additionally, the United States Supreme Court has recently recognized that the distinction between void and voidable contracts is irrelevant in determining arbitrability and that when a party to a contract containing an arbitration agreement challenges that contract as void or voidable under state law, that challenge is for the arbitrator rather than for the trial court to decide. See Buckeye Check Cashing, supra; see alsoParagon Ltd., supra. Thus, Hall and Jones's argument that the contract at issue in this case should be deemed void has no impact on the enforceability of the arbitration agreement.
For these reasons, we conclude that Hall and Jones did not meet their burden of proof in establishing that the supposed arbitration agreement was invalid or that it did not apply to the dispute presented here. We, therefore, conclude that the trial court erred in denying MFLM's motion to compel arbitration.
 IV. Arbitrability of Claims Asserted Against Hecht and Dean
Although Hall and Jones have not challenged Hecht's and Dean's right to compel arbitration of the claims asserted against them, we note that Hecht and Dean bear the burden of proof in the first instance on their motion to compel arbitration. We, therefore, review the evidence presented by them to determine whether the trial court erred in denying their motion.
As stated in the case of Lewis v. Oakley,847 So.2d 307 (Ala. 2002):
 "`"`[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" AT T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (quoting United Steelworkers v. Warrior Gulf Navig. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). Pursuant to the doctrine of equitable estoppel, a plaintiff may be compelled to arbitrate his or her claims against a nonsignatory to a contract containing an arbitration provision if the claims "are founded on, and are intertwined with, the facts surrounding the underlying contract that contains the arbitration clause." Ex parte Dyess, *Page 971 709 So.2d 447, 451 (Ala. 1997). Specifically, claims against a nonsignatory to a contract containing an arbitration provision are "founded on, and are intertwined with, the facts surrounding the underlying contract," id., (1) where the plaintiff asserts breach of duty imposed or entailed by that contract, or (2) where the plaintiff alleges conspiracy or agency between a nonsignatory and a signatory to a contract containing an arbitration clause. Ex parte Isbell, 708 So.2d 571
(Ala. 1997). See also MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999).'"
847 So.2d at 328-29 (quoting Ex parte Lovejoy,790 So.2d 933, 937 (Ala. 2000), quoting in turn First FamilyFin. Servs., Inc. v. Rogers, 736 So.2d 553, 560 (Ala. 1999)).
Based on these authorities, we conclude that Hall and Jones are equitably estopped from denying the arbitrability of the claims they assert against Hecht and Dean. We note that Hecht and Dean were, at all times relevant to this action, acting as employees and/or agents of MFLM. Hall and Jones allege an agency relationship between MFLM and Hecht and Dean and assert claims arising out of that agency relationship. In fact, Hall and Jones's claims against MFLM arise out of and are based on the same acts and/or omissions of Hecht and Dean. Thus, the claims asserted against Hecht and Dean are founded on and intertwined with the claims asserted against MFLM. Additionally, the parties' agreement to arbitrate was broad enough to encompass the claims Hall and Jones have asserted against Hecht and Dean. Thus, based on the language of the parties' arbitration agreement and the claims asserted in this action, we conclude that, pursuant to the doctrine of equitable estoppel, Hall and Jones must be compelled to arbitrate their claims against Hecht and Dean.
For the above-stated reasons, we conclude that the parties' arbitration agreement is enforceable and that the trial court's denial of the motion to compel arbitration must be reversed. We remand this cause to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in the result, without writing.
[1] 9 U.S.C. § 2, a part of the FAA, provides, in pertinent part:
 "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
[2] The Court in Buckeye Check Cashing also recognized that, as a matter of federal substantive arbitration law, an arbitration provision was severable from the remainder of the contract. 546 U.S. at 445.