May 10, 2017

Town of Johnston              :

v.                   :

Rhode Island Council 94, AFSCME, Local   :
1491, by and through its President, Louis M.  :
Prata.               :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Town of Johnston                   :

v.                                 :

Rhode Island Council 94, AFSCME, Local   :
1491, by and through its President, Louis M.   :
Prata.                             :

Present:  Suttell, C.J., Goldberg, Robinson, Flaherty, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  The Town of Johnston (the town), appeals from a Superior Court judgment denying both its motion to stay implementation of an arbitration award and its motion to vacate said award, and granting the Council 94, AFSCME, Local 1491's (the union) motion to confirm the arbitration award.  This dispute arose after the Johnston Board of Canvassers (the board) unanimously voted to eliminate a clerical position held by Colleen Crowley.  The union thereafter filed grievances with the town on Crowley's behalf as required under the terms of the then-operative collective-bargaining agreement (CBA) seeking to invoke Crowley's alleged "bumping rights."[1]  After the town denied the union's claims, the union filed a demand for arbitration.  The appointed arbitrator found in the union's favor, and the Superior Court confirmed the arbitration award.  The sole issue on appeal is whether the Superior Court erred in confirming the arbitrator's finding that Crowley's dispute with the town was arbitrable.

---

[1] Articles 10.8 and 10.6 of the applicable collective-bargaining agreement (CBA) would have allowed Crowley to continue her employment with the town by replacing a less senior employee. Specifically, § 10.8 provides that "[e]mployees whose jobs are abolished or eliminated shall be permitted to exercise their secondary seniority in accordance with Section 10.6 of this article." Section 10.6 discusses in further detail the proper manner of layoffs based on an employee's level of seniority.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

## Facts and Procedural History

The pertinent facts in this case are not in dispute. On July 18, 2005, Crowley was appointed to a "Clerk I" position with the board. During Crowley's term of employment, "the parties followed the terms and conditions of the [CBA] then in effect * * * including for salary and benefits, which was uniform with all other [t]own employees working in the position of Clerk." Crowley paid union dues while she worked for the board, and she was listed on the town's seniority list along with her date of hire.[2] In 2010, Crowley moved to the classification and pay scale of "Clerk II."

In 2014, after she had been employed by the board for approximately nine years, the board unanimously voted to eliminate Crowley's position and, as a result, her employment was terminated. At a public hearing on June 11, where her clerical position was considered and ultimately eliminated, the board expressed that a decrease in funding was the basis for its decision to eliminate the least senior full-time position. Specifically, the minutes of this meeting included the board's explanation that "the [c]ouncil [had] recently adopted its budget ordinance and the ordinance reduced the funding to the [b]oard * * *."

---

[2] It was further stipulated that three other employees (both present and former) holding clerical positions with the board also paid union dues and were listed on the town's seniority list.

The next day, the union wrote to the town seeking to assert Crowley's "bumping rights" pursuant to Articles 10.8 and 10.6 of the CBA. In response, the town indicated to the union, in a letter dated June 19, 2014, that it did not consider Crowley to be a town employee covered by the CBA. Specifically, the town noted that, unlike the other employees with "bumping rights" who had been appointed by the mayor or town council, Crowley "was hired under the statutory authority of the [board] and not the [t]own [a]dministration." The union thereafter filed grievances in June and July 2014, all of which were denied at their respective stages. On or about August 14, 2014, the union filed a demand for arbitration.

An arbitration hearing was held on January 21, 2015, and the arbitrator agreed to bifurcate the arbitrability issue from the merits of Crowley's claim. The town maintained that Crowley's grievance was not arbitrable because, having been appointed by the board, Crowley was not a member of the bargaining unit covered by the CBA. The union's position, with which the arbitrator ultimately agreed, was that Crowley was a member of the bargaining unit and entitled to all privileges of membership. The arbitrator, after citing to applicable law and reviewing the record and arguments presented by both sides, found that "[t]he [t]own [had] treated [b]oard employees as members of the bargaining unit since at least 1999[.]" He also noted that the town's denial of Crowley's bumping rights on the basis that she may not have been hired off the "civil service list" as required for such positions, "[did] not remove [Crowley] from the bargaining unit nor [did] it remove this grievance from arbitration, under the circumstances of this case." The arbitrator found that Crowley was a "classified employee" of the town and concluded that the matter was therefore substantively arbitrable.

The town filed a miscellaneous petition in Superior Court seeking to vacate the arbitration award and to stay its implementation. The union filed an answer to the petition and a

motion to confirm the award, to which the town objected. After a hearing on the matter, the Superior Court issued a written decision confirming the award. In his decision, the hearing justice concluded that "the current dispute [was] arbitrable because * * * Crowley [was] a municipal employee in the [t]own * * * and therefore, an employee that falls under the provisions of the CBA." The hearing justice ruled that the arbitrator's decision met the necessary standard—i.e., it "[drew] its essence from the contract and [was] based upon a passably plausible interpretation of the contract."

Final judgment entered in favor of the union and the town subsequently filed a timely notice of appeal.

## II

### Standard of Review

"The issue of whether a dispute is arbitrable is a question of law that this Court reviews de novo." AVCORR Management, LLC v. Central Falls Detention Facility Corp., 41 A.3d 1007, 1010 (R.I. 2012) (quoting State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers, 866 A.2d 1241, 1247 (R.I. 2005)). "When so reviewing, we bear in mind that '[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit.'" Id. (quoting Radiation Oncology Associates, Inc. v. Roger Williams Hospital, 899 A.2d 511, 514 (R.I. 2006)). "Because it is a matter of contract, '[g]eneral rules of contract construction apply' and the determination of 'whether the parties agreed to submit a particular dispute to arbitration turns upon the parties' intent when they entered into the contract from which the dispute ultimately arose.'" Id. (quoting Radiation Oncology Associates, Inc., 899 A.2d at 514).

**Discussion**

On appeal, the town argues that the arbitrator "did not act within his power and authority, and thus his award should have been vacated by the Superior Court." Specifically, the town claims that the Superior Court decision confirming the arbitration award was erroneous because "(1) the arbitrator * * * failed to recognize that this [case] is a matter of statutory interpretation and thus not arbitrable; (2) the CBA cannot supersede a state statutue"; and (3) "the [Superior] Court should have determined that the arbitrator's interpretation [of the contract] in this instance was not passibly [sic] plausible."

This Court "has no authority to vacate the arbitrator's award absent a manifest disregard of a contractual provision, a completely irrational result, a decision that is contrary to public policy, or an award that determined a matter that was not arbitrable in the first place." City of Cranston v. International Brotherhood of Police Officers, Local 301, 115 A.3d 971, 976 (R.I. 2015) (quoting State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers, 64 A.3d 734, 739 (R.I. 2013)). An arbitrator exceeds his or her powers by arbitrating a dispute that is not arbitrable. Id. at 977. This "heightened level of review in [arbitrability] cases is predicated on the possibility that an arbitrator might be called upon to consider and to interpret a CBA in such a way that it would alter existing statutory policies or override other supervening state law governing the public-employment sector." Id. (quoting Rhode Island Brotherhood of Correctional Officers v. State Department of Corrections, 707 A.2d 1229, 1234 (R.I. 1998)).

In the matter before us, the applicable CBA outlined the necessary steps the union must undertake to file a grievance on an employee's behalf. Only when the grievance is not settled after these steps are taken does the union have the right to have the matter arbitrated. Here, it is

undisputed that the union followed all of the proper steps outlined in the CBA before filing its demand for arbitration. Because the procedures undertaken by the union with respect to Crowley's grievance are not disputed and because Article 27, § 27.5 of the CBA clearly articulates that members of the bargaining unit have the right to have their grievances arbitrated,[3] the determination of whether this matter is arbitrable, therefore, turns on whether Crowley's "Clerk" position is in fact governed by the CBA.

Pursuant to Article 1, § 1.2 of the CBA, "[t]he bargaining unit for the purpose of [the CBA] * * * consist[s] of the [t]own * * * [e]mployees pursuant to [G.L. 1956 chapter 9.4 of title 28]." "Municipal employee" is defined as "any employee of a municipal employer, whether or not in the classified service of the municipal employer." Section 28-9.4-2(b).[4] The town's code (the code) defines classified personnel as "[a]ll persons engaged, appointed or employed in the service of the [t]own * * *."[5] Johnston Town Code, Ch. 47, Art. I, § 47-1. General Laws 1956 § 17-8-5 provides that each local canvassing board "shall have and exercise the functions, powers, and duties provided for local boards by this title or by any law not inconsistent with this title." The statute lists several functions to be carried out by the board, including appointing and employing clerical and technical assistants. Section 17-8-5(a)(1)-(4).

Although Crowley was appointed by the board pursuant to § 17-8-5(a), there is nothing to suggest that she was not employed by the town and part of the bargaining unit. It is undisputed that Crowley's union dues were deducted from her payroll check and that she was listed on the

---

[3] Article 27, § 27.5 of the CBA provides, in relevant part, that "[a]ny grievance * * * that has been properly and timely processed through all of the grievance procedures * * * and that has not been settled at the conclusion thereof, may be submitted to arbitration by the [u]nion * * *."

[4] There are several exclusions to the definition of "municipal employee," none of which are applicable here. See G.L. 1956 § 28-9.4-2(b)(1)-(7).

[5] Article XVI, § 16-4 of the Johnston Town Charter sets forth a list of "[p]ositions excepted from classified service," and the town does not cite any evidence that Crowley fits within any of the exceptions listed.

town's seniority list along with her date of hire. Moreover, "Appendix B" to the CBA, which provides the wage rates in effect, specifically lists the "Clerk I," "Clerk II," and "Clerk III" positions. Furthermore, the CBA, by reference to § 28-9.4-2(b), defines "[m]unicipal employee" as "any employee of a municipal employer, whether or not in the classified service of the municipal employer." (Emphasis added.) There is no language excluding employees who were appointed by the board, and this Court declines to read such exclusion into the statute. To the contrary, the code's definition of classified personnel specifically includes persons "appointed or employed in the service of the [t]own." Johnston Town Code, Ch. 47, Art. I, § 47-1 (emphasis added). Thus, according to the CBA, by reference to § 28-9.4-2(b), Crowley is an employee of the town and a member of the bargaining unit under the agreement.

The town's argument that Crowley is not a classified employee because she was appointed by the board is misplaced. As discussed herein, the code's definition of classified personnel specifically includes persons "appointed or employed in the service of the [t]own." Johnston Town Code, Ch. 47, Art. I, § 47-1 (emphasis added). Moreover, the town's assertion that the arbitrator's decision is in conflict with state law because, according to § 17-8-5(a)(4), only the board has the authority to appoint its clerical assistants, is also unavailing. As noted, the statute contains no language preventing the board's clerical assistants from belonging to a municipal employees' union or from assuming other positions in the town in accordance with a union member's rights under the CBA. It is our opinion that there is no conflict between § 17-8-5(a)(4), § 28-9.4-2(b), and the CBA. To allow the union to arbitrate Crowley's grievance does not infringe upon the authority of the board to appoint clerical employees.[6]

---

[6] Notably, Crowley is not asking to be bumped into a clerical position with the board, but wishes to exercise her rights under the CBA to find another job with the town after having held a position with the board.

In applying the plain language of the relevant statutes and sections of the CBA, we are left with one conclusion—Crowley's claim was arbitrable, as she clearly was a member of the bargaining unit. Accordingly, this Court affirms the hearing justice's decision finding that the issue presented to the arbitrator was arbitrable.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned thereto.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Town of Johnston v. Rhode Island Council 94, AFSCME, Local 1491, by and through its President, Louis M. Prata. |
| **Case Number** | No. 2016-92-Appeal. (PM 15-1845) |
| **Date Opinion Filed** | May 10, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Flaherty, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Jeffrey A. Lanphear |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>William J. Conley, Jr., Esq.<br>Gina Lemay, Esq. |
| | For Defendant:<br><br>Carly Beauvais Iafrate, Esq.<br>Gerard P. Cobleigh, Esq. |