March 31, 2023

| | | |
|---|---|---|
| Petrolex II LLC, as assignee of Jesmac, Inc. | : | |
| | : | |
| v. | : | No. 2022-10-Appeal. |
| | | (PM 19-10036) |
| The Bailey Group LLC et al. | : | |
| | | |
| Petrolex II LLC, as assignee of Commercial Painting, Inc. | : | |
| | : | |
| v. | : | No. 2022-11-Appeal. |
| | | (PM 19-7974) |
| The Bailey Group LLC et al. | : | |
| | | |
| Petrolex II LLC | : | |
| | : | |
| v. | : | No. 2022-12-Appeal. |
| | | (PC 20-5729) |
| The Bailey Group LLC et al. | : | |
| | | |
| Petrolex II LLC, as assignee of Gem Mechanical Services, LLC | : | |
| | : | |
| v. | : | No. 2022-24-Appeal. |
| | | (PM 19-9211) |
| The Bailey Group LLC et al. | : | |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Petrolex II LLC, as assignee of
Jesmac, Inc.          :

        v.            :          No. 2022-10-Appeal.
                                 (PM 19-10036)

The Bailey Group LLC et al.   :


Petrolex II LLC, as assignee of   :
Commercial Painting, Inc.

        v.            :          No. 2022-11-Appeal.
                                 (PM 19-7974)

The Bailey Group LLC et al.   :


Petrolex II LLC       :

        v.            :          No. 2022-12-Appeal.
                                 (PC 20-5729)

The Bailey Group LLC et al.   :


Petrolex II LLC, as assignee of Gem   :
Mechanical Services, LLC

        v.            :          No. 2022-24-Appeal.
                                 (PM 19-9211)

The Bailey Group LLC et al.   :


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Goldberg, for the Court.**  These consolidated cases came before the

Supreme Court on November 30, 2022, pursuant to an order directing the parties to

- 1 -

appear and show cause why the issues raised in these appeals should not be summarily decided. The plaintiff, Petrolex II LLC (Petrolex), appeals from a decision granting motions to stay the Superior Court proceedings in four cases and refer them to arbitration in this construction dispute. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that these cases may be decided without further briefing or argument. For the reasons set forth herein, we affirm the orders of the Superior Court.

**Facts and Travel**

The party identified as the lead defendant, Lyman Lofts Developers LLC (Lyman), was the owner of the Lyman Mill property (property) located at 184 Woonasquatucket Avenue, North Providence, Rhode Island.[1] In April 2015, Lyman entered into an agreement with The Bailey Group LLC (Bailey) to serve as general contractor for renovations converting an old mill complex into residential apartment units (the project). In April 2016, as a requirement by an additional investor brought in to obtain tax credits, Lyman and Bailey entered into an American Institute of Architects (AIA) standard agreement form between owner and contractor with respect to the project. Zurich American Insurance Company (Zurich), at the request

---

[1] The plaintiff and Lyman share a principal office location, with the manager of each entity possessing an identical surname (Santoro); however, Lyman is no longer a party to this case.

of Bailey, furnished a payment bond in the amount of $11,952,275 for the project in accordance with the project requirements. Bailey subsequently entered into separate agreements (subcontracts) with each of the subcontractors retained for the project.[2]

The record discloses that Lyman made timely payments on the first twenty-one requisitions submitted by Bailey, including all change orders, amounting to $17,261,600. Bailey claimed it was still owed $1,313,277 on the project for its final submitted requisition and retainage. Lyman denied owing any money to Bailey because mechanics' liens filed by the subcontractors against the property totaling $1,485,016.70, plus costs and attorneys' fees, were outstanding. Lyman claimed Bailey owed at least twelve of its subcontractors a total of $1,617,704.70 for labor, material, and equipment furnished in connection with the project. Lyman further asserted that it was owed a credit from Bailey under the construction contract, for failing to perform as required, in the amount of $854,352, and that Lyman's architect on the project agreed a credit of $736,000 was owed to Lyman.

In 2019 three subcontractors filed complaints against Bailey and Lyman to enforce their mechanics' liens for work done, but not paid for, on the project. The plaintiff settled these outstanding balances by directly paying the subcontractors in

---

[2] Bailey is the principal defendant in the cases on appeal.

return for assignment of the liens against defendants.[3] As a condition of these payments, plaintiff required the subcontractors to dismiss any claims they had against Lyman, terminating Lyman's involvement in these cases. The plaintiff then filed amended complaints, substituting itself as the plaintiff and assignee of the three subcontractors in the mechanics' liens actions. On August 13, 2020, plaintiff filed an additional complaint against Bailey as the assignee of nine further subcontractors. In addition to the causes of action currently before us, Lyman filed a complaint against defendants claiming it was owed $854,352 in credits for the project.

The defendants filed motions to stay the Superior Court proceedings in all five Superior Court cases and refer them to arbitration. On August 3, 2021, the trial justice issued a bench decision, finding that plaintiff directly paid the subcontractors their outstanding balances, in return requiring the subcontractors to dismiss their claims against Lyman. The trial justice noted that the parties agreed that plaintiff "stands squarely in the position and the shoes of each subcontractor * * *."

The trial justice found that the language of the subcontracts was clear and unambiguous, requiring mandatory arbitration for disputes concerning both the construction and application of the subcontracts. The trial justice further determined that, even if the provision in the subcontracts or agreements providing that Bailey is

---

[3] The plaintiff paid less than the outstanding amounts due under the subcontracts for assignment and transfer of all right, title, and interest in and to the subcontractors' claims against defendants.

- 4 -

obliged to pay only if it is paid by Lyman is deemed void, as plaintiff asserted, the dispute between the parties was nonetheless subject to arbitration. The trial justice granted defendants' motions to stay the Superior Court proceedings in all of the cases before the court and compelled the parties to participate in mandatory mediation and arbitration. On August 16, 2021, plaintiff timely appealed, filing separate notices of appeal in four of the Superior Court actions.[4]

On appeal, plaintiff contends that the trial justice erred in granting the motions to stay and refer the matters to arbitration because there was no dispute between defendants and the subcontractors regarding the construction and application of the language as set forth in the subcontracts. The plaintiff further argues that a dispute over the pay-if-paid provision contained in the respective contracts is not referrable to arbitration as this clause, plaintiff contends, is void and unenforceable as being against public policy.

**Standard of Review**

"The issue of whether a dispute is arbitrable is a question of law that this Court reviews *de novo*." *Rhode Island Council on Postsecondary Education v. Hellenic Society Paideia – Rhode Island Chapter*, 202 A.3d 931, 934 (R.I. 2019) (quoting *Town of Johnston v. Rhode Island Council 94, AFSCME, Local 1491*, 159 A.3d 83,

---

[4] A notice of appeal was not filed in the fifth case, *Lyman Lofts Developers LLC v. The Bailey Group*, No. PC 20-5839.

85 (R.I. 2017)). "Arbitration is a creature of the agreement between the parties, and a 'duty to arbitrate a dispute arises only when a party agrees to arbitration in clear and unequivocal language, and even then, the party is only obligated to arbitrate issues that it explicitly agreed to arbitrate.'" *Id.* (quoting *State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers*, 866 A.2d 1241, 1247 (R.I. 2005)). "Because arbitration is a matter of contract, '[g]eneral rules of contract construction apply[,]' and 'whether the parties agreed to submit a particular dispute to arbitration turns upon the parties' intent when they entered into the contract from which the dispute ultimately arose.'" *Id.* (quoting *Radiation Oncology Associates, Inc. v. Roger Williams Hospital*, 899 A.2d 511, 514 (R.I. 2006)). "In ascertaining what the intent is we must look at the instrument as a whole and not at some detached portion thereof." *Id.* (quoting *Hill v. M. S. Alper & Son, Inc.*, 106 R.I. 38, 47, 256 A.2d 10, 15 (1969)). "Significantly, however, '[w]hen uncertainty exists about whether a dispute is arbitrable, this Court, like the United States Supreme Court, has enunciated a policy in favor of resolving any doubt in favor of arbitration.'" *Id.* (quoting *School Committee of Town of North Kingstown v. Crouch*, 808 A.2d 1074, 1078 (R.I. 2002)).

**Analysis**

The plaintiff first argues that Section 5.2 of the subcontracts is very specific and limited and applies only to disputes concerning the interpretation and application

- 6 -

of the terms in the subcontracts. The plaintiff contends that the meaning of the term "construction" must be strictly construed and should be interpreted as pertaining to the arrangement of terms in the subcontracts. According to plaintiff, because this is a legal dispute, and not a dispute concerning the construction or application of the language in the subcontracts, the cases need not proceed to arbitration. We disagree. The relevant language is as follows:

"**<u>5. CLAIMS AND DISPUTE RESOLUTION</u>**

"* * *

"5.2 *Any* dispute, controversy, or claim concerning the construction or *application* of this Agreement that is not settled by the parties shall be decided in accordance with the dispute resolution procedures contained in the Owner-Contractor Agreement. If the Owner-Contractor Agreement does not provide a dispute resolution procedure, the dispute shall be arbitrated in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. The decision of the arbitrator shall be binding and judgment upon the award rendered by the Arbitrator may be entered into any court having jurisdiction thereof." (Emphasis added.)

The applicable section of the Owner-Contractor Agreement states:

"ARTICLE 6 DISPUTE RESOLUTION

"* * *

"§ 6.2 BINDING DISPUTE RESOLUTION

"For any Claim subject to, but not resolved by, mediation pursuant to Section 15.3 of AIA Document A201-2007,

the method of binding dispute resolution shall be as follows:

*"(Check the appropriate box. If the Owner and Contractor do not select a method of binding dispute resolution below, or do not subsequently agree in writing to a binding dispute resolution method other than litigation, Claims will be resolved by litigation in a court of competent jurisdiction.)*

"[‹‹X››][5] Arbitration pursuant to Section 15.4[6] of AIA Document A201-2007

"[‹‹ ››] Litigation in a court of competent jurisdiction

---

[5] The arbitration box was the only box checked with an "X."

[6] The pertinent sections of § 15.4 are as follows:

"§ 15.4.1 If the parties have selected arbitration as the method for binding dispute resolution in the Agreement, any Claim subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect on the date of the Agreement. * * *

"* * *

"§ 15.4.2 The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

"§ 15.4.3 The foregoing agreement to arbitrate and other agreements to arbitrate with an additional person or entity duly consented to by parties to the Agreement shall be specifically enforceable under applicable law in any court having jurisdiction thereof."

"[‹‹ ››] Other *(Specify)*" (Footnotes added.)

"When determining whether a contract is ambiguous, the agreement is viewed in its entirety and the words used in the contract are given their ordinary meaning." *Sturbridge Home Builders, Inc. v. Downing Seaport, Inc.*, 890 A.2d 58, 62-63 (R.I. 2005). "When ascertaining the usual and ordinary meaning of contractual language, every word of the contract should be given meaning and effect; an interpretation that reduces certain words to the status of surplusage should be rejected." *Andrukiewicz v. Andrukiewicz*, 860 A.2d 235, 239 (R.I. 2004).

Section 5.2 of the subcontracts states "*[a]ny* dispute, controversy, or claim concerning the *construction or application* of this Agreement that is not settled by the parties shall be decided in accordance with the dispute resolution procedures contained in the Owner-Contractor Agreement." (Emphasis added.) The term "application" means "[t]he act of applying," while "applying" is defined as "put[ting] into action." The American Heritage Dictionary of the English Language 86 (5th ed. 2011). Construing Section 5.2 as to pertain only to the interpretation of language set forth in the subcontracts would reduce the phrase "application" to mere surplusage and thus, irrelevance. We reject this contention. The language of Section 5.2 explicitly requires that any disputes regarding the construction or application of the subcontracts be referred to arbitration. We therefore conclude that any dispute

concerning the application of the subcontracts, including legal disputes arising from the project, must be referred for arbitration.

The plaintiff next argues that the pay-if-paid provision in the subcontracts is void and unenforceable as being against public policy, and thus not referrable for arbitration. The United States Supreme Court has opined that "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006). Simply put, a "challenge [to] the enforceability of the underlying contract does not negate the enforceability of their agreement to arbitrate." *Montgomery Ford Lincoln Mercury, Inc. v. Hall*, 999 So. 2d 964, 968 (Ala. Civ. App. 2008). "As a matter of federal law, the arbitration clause is unaffected even if the substance of the contract is otherwise void or voidable." *Sleeper Farms v. Agway, Inc.*, 506 F.3d 98, 103 (1st Cir. 2007) (citing *Prima Paint Corporation v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967)).

The plaintiff cites a recent Superior Court decision, *Moura Interior Finishes of Massachusetts, Inc. v. Tocci Building Corporation*, PC 20-2585, when arguing that the pay-if-paid provision of the subcontracts is void and unenforceable as against public policy. In *Moura*, the trial justice stated that a "pay when" clause "should be void against public policy and unenforceable" when granting a motion

- 10 -

for summary judgment. That ruling has no bearing on our decision in the cases at bar.

Having concluded that "[a]ny dispute, controversy, or claim concerning the construction or application of [the] Agreement" must be resolved through arbitration, even if the pay-if-paid provision were to be declared void, the arbitration provision of the subcontracts would not be nullified because "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye*, 546 U.S. at 449. Accordingly, any disagreement over the enforceability of the pay-if-paid provision should be decided by an arbitrator pursuant to Section 5.2 of the subcontracts.

## Conclusion

For the reasons set forth in this opinion, we affirm the orders of the Superior Court. The papers in these cases may be returned to the Superior Court.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Petrolex II LLC, as assignee of Jesmac, Inc. v. The Bailey Group LLC et al.<br><br>Petrolex II LLC, as assignee of Commercial Painting, Inc. v. The Bailey Group LLC et al.<br><br>Petrolex II LLC v. The Bailey Group LLC et al.<br><br>Petrolex II LLC, as assignee of Gem Mechanical Services, LLC v. The Bailey Group LLC et al. |
| **Case Number** | No. 2022-10-Appeal (PM 19-10036)<br>No. 2022-11-Appeal (PM 19-7974)<br>No. 2022-12-Appeal (PC 20-5729)<br>No. 2022-24-Appeal (PM 19-9211) |
| **Date Opinion Filed** | March 31, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard D. Raspallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Guido R. Salvadore, Esq. |
| | For Defendant:<br><br>Michael J. Lepizzera, Jr., Esq. |

SU-CMS-02A (revised November 2022)